## W. R. BRACEY *v.* THE STATE.

FRAUD IN OFFICE. *Circuit clerk. Witness certificates. Section* 2790, *Code of* 1880, *construed.*

' A circuit clerk is guilty of fraud in office under ⸹ 2790, Code of 1880, which provides that "if any officer or other person employed in any public office in this State shall commit any fraud or embezzlement therein he shall be imprisoned in the penitentiary," etc., if he issue a false and fraudulent witness pay certificate, on its face good in substance, but defective in form.

APPEAL from the Circuit Court of Noxubee County.

HON. W. M. ROGERS, Judge.

W. R. Bracey, circuit clerk of Noxubee County, was indicted for committing fraud in his office, under § 2790, Code of 1880, which is as follows: "If any officer or other person employed in any public office within this State, shall commit any fraud or embezzlement therein, he shall be imprisoned in the penitentiary." * * * He was tried and convicted. The indictment set out that Bracey issued and put into circulation the following false and fraudulent instrument, whereby the county of Noxubee was defrauded:

| | |
|---|---|
| " No. 77.<br>The State.<br>Silla Robinson.<br>Fees, $13.90. | The State of Miss.,<br>Noxubee County,<br>Circuit Court, February Term,<br>1885. |

64 MISS.—2.

" I, W. R. Bracey, clerk of the Circuit Court of said county and State, hereby certify that S. D. Henley, a witness on behalf of the State, has attended, and proved his attendance in open court in the above stated case, seven days and traveled sixty-eight miles, coming to and returning from court by the nearest route, and paid —— dollars ferriage, for which he has been allowed by the court $13.90. Given under my hand and seal of office at Macon, February 27, 1885.          W. R. BRACEY, Clerk."

Indorsement : " No tax due from the person to whom this certificate was issued, and he lives in beat No. —
          B. M. WALKER, Sheriff."

The regular official seal of the circuit court was affixed to this instrument. The name, " W. R. Bracey," was indorsed on the back. It was further set out in the indictment that this certificate was put in circulation by Bracey, that it was received by the sheriff in payment of taxes, and allowed by the treasurer of the county in his settlement with the sheriff; that this instrument was issued by Bracey without Henley's knowledge or consent, and for a much longer time than Henley attended the court, and without any order of court for such allowance. A motion to quash the indictment was overruled. On the trial it was shown by the deputy sheriff that this instrument was in the usual form of witness certificates issued by the circuit clerk of Noxubee County. Section 1596, of the Code of 1880, provides that the compensation of witnesses in criminal cases " shall be allowed in open court, and the order thereof entered upon the minutes, and a certified copy made out by the clerk, and delivered to the party entitled thereto, which certificate shall be payable out of the county treasury of the county in which the offense was committed on presentation."

The defendant was tried and convicted, and thereupon appealed to this court.

*Rives & Rives,* for the appellant.

The indictment in this case should have been quashed on the motion of the defendant.

It was based upon an improper construction of § 2790, Code of 1880.

If Bracey had committed a fraud upon his creditors by a fraudulent sale or transfer of his property, or if he had, as an individual, perpetrated any other fraud, it would not have been a fraud in office within the meaning of this statute, because done while he held the office of circuit clerk, or because done in the room he occupied officially as clerk. To come within the meaning of the law the fraud must be in official act or conduct.

The fixing of the clerk's official signature and seal to a paper, not within the scope of his official duties, is not an official act.

There are no circumstances under which it is the official duty of the clerk to certify as to the attendance, per diem, or mileage of state witnesses—no circumstances under which it could be the official duty of the clerk to issue a certificate like the one in question. The compensation of State witnesses is settled by the court. The clerk has nothing to do with it, except to give to the witness a certified copy of the order made from the minutes of the court. Code 1880, § 1596.

If, by falsely issuing such certificate as the one in question, the clerk is guilty of fraud in office, then he would be guilty of fraud in office were he to issue a false certificate that A was indebted to B, or that the United States was indebted to the State of Mississippi.

Again, the alleged fraud was in the making and issuance of the certificate; then it was akin to forgery; but this certificate was unknown to the law, it was void on its face. Had it been genuine and true in every particular, it would have constituted an obligation on the county. It could not have been made the basis of any claim or demand against the county, nor admitted in evidence in any proceeding against the county. It was upon its face utterly worthless. The only witness certificates good as claims against the county are those provided for in § 1596, Code 1880, and this certificate does not purport to be one of that kind.

Had some other person falsely, fraudulently, and with felonious intent forged the clerk's official signature to such a certificate as this, he could not have been convicted of forgery. See 1 Whar-

ton's Criminal Law, §§ 680, 695, 697; 2 Bishop's Criminal Law, §§ 495, 523; *Rembert* v. *The State*, 25 American Reports 641; *Rood* v. *The State*, 25 American Reports 475.

R. G. *Rives*, of counsel for the appellant, argued the case orally.

T. M. *Miller*, Attorney General, and W. R. *Harper*, for the State.

The sole question is, Was the act charged an official fraud, a fraud committed by Bracey in his office? It is immaterial whether the certificate comes fully up to legal requirements. Now Bracey's duty was clearly to issue witness certificates—it was an important duty. Instead of performing that duty of his office honestly, uprightly, he does it in a dishonest, in an unlawful way, in a way to deceive prudent, careful men, in a way to draw money from the treasury of the county of Noxubee, to deprive it of its just taxes, and place money in his own pocket, to which he had no right. He commits a fraud not by aiding others, but by a willful, false, dishonest doing of something which it was his highest duty to the public to do honestly. It was at best a pretended performance of one of the most important functions of his responsible office. To contend otherwise seems trivial.

Whether the certificate was calculated to mislead a reasonably prudent man, and whether it did mislead, were questions entirely for the jury. The jury promptly settled them in the affirmative. The evidence abundantly justifies their determination.

All the cases cited by appellant simply go to the point that if such a paper had been signed by some third person in Bracey's name, it would not have been forgery. Cases to show that it would not have been murder or suicide or arson would be equally as applicable.

ARNOLD, J., delivered the opinion of the court.

If the allegations contained in the indictment constitute fraud in office, there is no error assigned for which the judgment should be reversed.

Section 2790 of the code is broad enough to cover any fraudulent act of a public officer within the scope of his official duties. It is a plain violation of the statute for a public officer who has

authority to act with reference to the subject-matter to knowingly issue and put in circulation a false and fraudulent claim against a county, which is afterward allowed or collected out of the county treasury.

In *The State* v. *Wedge*, 24 Minn. 150, and in *The State* v. *Leach*, 60 Maine 58, it was held that a public officer who corruptly does an act in regard to which he has no lawful authority, assuming to act officially, and in such manner as is likely to deceive and mislead others, is guilty of malfeasance or misconduct in office. We are not required by the facts to go so far in this case.

It was the duty of appellant as circuit clerk to issue and deliver to witnesses, after their claims for attendance had been allowed in the circuit court, certificates, upon which they were to be paid by the county. It is no defense that the certificate which he issued, in the case at bar is different in some respects from what the law required, or that the county may be indemnified for the amount allowed or paid on the same out of its treasury. The certificate is defective in form, but not in substance. It was issued under the seal and sanction of appellant's office, and it appears that it was intended to defraud, that it was well calculated to defraud, and that the county was in fact defrauded by it. There is no error in the record.　　　　　　　　　　　*The judgment is affirmed.*